UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ARTISAN & TRUCKERS CAS. | CIVIL ACTION NO. 11-0420 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| ASLINGER, ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss or stay this declaratory judgment action, doc. #10, referred to me by the district judge.

This case arises out of an automobile accident in Natchitoches Parish. Suit was filed in state court there for wrongful death by the survivors of Robert Ferguson (the Fergusons) against Natchitoches Ford Sales, Inc. and the adverse driver, Lonnie Orf. After the state court suit was filed, Artisan filed this declaratory judgment action.  Artisan alleges that it insured defendant Aslinger which employed Orf as a driver. It claims it has no duty to defend Mr. Orf and that this court should issue a declaratory judgment to that effect. The Fergusons seek to dismiss this declaratory action or, in the alternative, to stay these proceedings pending the outcome of the state court case.

In deciding whether to dismiss a declaratory judgment suit, a federal court must determine (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. Orix v. Wolfe, 212 F.3d 891, (5th C. 2000). Here the controversy is justiciable for there is an actual case or controversy between the parties. Further, diversity jurisdiction exists so the court has the authority to grant the declaratory relief provided the Anti-Injunction Act does not apply. See Sherwin-Williams v. Holmes County, 343 F.3d 383 (5th Cir. 2003). Under the second element of the

Orix test, the district court does not have authority to issue a declaratory judgment when the declaratory defendant previously filed a cause of action in state court against the declaratory plaintiff, the same issues are involved in the state case, and the federal court is prohibited from enjoining the state proceedings under 28 U.S.C. §2283. Id. 387. Here, as in Sherwin-Williams, the declaratory defendants did not sue the plaintiff in the state court suit. Thus the Anti-Injunction Act does not apply and this court has authority to consider the declaratory judgment request.

That brings us, then, to the third Orix factor, that is, whether this court should exercise its discretion to decide or dismiss this suit. In St. Paul v. Trejo, 39 F.3d 585 (5th Cir. 1994), the court identified seven factors for a district court to consider in making this determination:

(1) Whether all the issues may be litigated in the state court action,

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

(3) whether the plaintiff engaged in forum shopping

(4) whether inequities exist allowing plaintiff to change forums or gain precedence in time,

(5) whether the federal forum is convenient

(6) judicial economy in retaining the suit

(7) whether the federal court is being called upon to construe a state court decree in the matter .

 1. All the issues could be litigated in the state court lawsuit. Although Artisan is not yet a party to that suit, it would no doubt be added at some point and coverage would then become an issue. However, there is no particular advantage as far as judicial efficiency in having the coverage issue decided in the same suit.

2. While there is no evidence that Artisan filed suit in anticipation of being added as a

defendant in the state court suit, Artisan certainly knew that it would, at some point, be called upon to pay the damages under its policy of insurance.

3. Forum shopping has not been suggested as a motive for this declaratory judgment action and there is no evidence that that occurred.

4. Neither is there evidence that there were equities to be gained by Artisan's first obtaining a declaratory judgment in federal court. Although the Fergusons suggest that discovery is necessary on the issue of coverage (course and scope of employment of Orf), and that discovery in the state court action is not complete, the state court action does not yet involve the issue of coverage and therefore no discovery would be done in state court on this issue anyway. Any discovery on that issue could as easily be done in federal court.

5. In this case, this court is as convenient to the parties and witnesses as is the state court, which is only some 50 miles away.

6. There are some judicial efficiencies to be gained by this court deciding the coverage issue now, since Artisan has not yet been added as a defendant in the state court and the delays in a decision on coverage would, therefore, be greater and would depend on when the plaintiffs chose to add Artisan and to litigate those issues. Indeed, deciding the issue of defense and indemnity would serve the interests of judicial efficiency by aiding in determining the appropriate parties to the state court action and, perhaps, encouraging a resolution of the state court claims.

7. The seventh factor is inapplicable here.

For these reasons, the mover's motion to dismiss or, in the alternative stay this proceeding, should be denied.

IT IS RECOMMENDED that the motion to dismiss, or alternatively stay these proceedings,

doc. #10, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 17th day of November, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE